CARMELLA CIOCCA, PROSECUTOR, v. THE NATIONAL SUGAR REFINING COMPANY OF NEW JERSEY, RESPONDENT.

Submitted January 18, 1939—Decided February 21, 1939.

Before Justices CASE, DONGES and PORTER.

For the prosecutor, *Arthur F. Mead* and *Cox & Walburg*.

For the respondent, *John J. Breslin, Jr.,* and *McCarter & English*.

PER CURIAM.

The writ brings up for review a judgment in the Bergen County Court of Common Pleas reversing a judgment which had been awarded by the Workmen's Compensation Bureau in favor of the petitioner on a workman's compensation claim. In awarding judgment, Judge Del Mar filed this opinion:

"Following an award of the Workmen's Compensation Bureau in favor of the petitioner-appellee the respondent-appellant appealed to this court. I find from the evidence that Salvatore Ciocca, the petitioner's deceased husband, died from heat prostration about two and a half hours after being stricken during the course of his employment by the respond-

ent-appellant, at its plant in Edgewater. The sole question at issue is whether the death was caused by an accident arising out of his employment. I find from the evidence that he was overcome by heat while sweeping crumbs of sugar with a broom weighing two and a half pounds. The place where he worked was a large, well ventilated warehouse, built over the Hudson river, the day was hot, but Ciocca was not exposed at any time to the direct rays of the sun. There is no evidence that the place where he worked was hotter than other places in the vicinity. In fact, all the evidence on this point indicates that it was cooler. Neither is there any evidence that his exposure to the heat of the day was greater than that suffered by the public generally, nor that he was exerting himself unduly or unusually, nor that he was doing heavy work or working longer than was usual. He was not exposed to any artificial heat. There is, to sum it up, no evidence that his employment in any way contributed to or caused his prostration by heat or his ensuing death. There being no evidence that in his employment the decedent was subjected to a greater risk than that to which persons in the locality generally were exposed, his dependents are not entitled to compensation. *Kauffeld* v. *Pfund,* 77 *N. J. L.* 335. This conclusion results in setting aside the award to the appellee, and the award of a judgment in favor of the appellant."

We concur in the findings of fact and of law therein expressed. Other cases, namely, *George* v. *Waldron,* 111 *N. J. L.* 4; *Matthews* v. *Woodbridge,* 14 *N. J. Mis. R.* 143; *Byrant* v. *Fissell,* 84 *N. J. L.* 72; *Richter* v. *DuPont,* 118 *Id.* 404, and *Hentz* v. *Janssen Dairy Corp.,* 121 *Id.* 160, do not serve to change that determination.

The judgment below will be affirmed, with costs.